UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID SZILVAGYI,

        Defendant.

                                          /

File No. 1:03-CR-217

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant David Szilvagyi's request for a hearing on the First Amended Writ of Execution executed by the U.S. Marshal Service which seized certain personal property in order to satisfy a restitution order and fine against Defendant. Defendant has also filed a request for the appointment of counsel to represent him in this matter. Because Defendant has failed to show that any of the property taken by the United States Government is exempt from seizure, his request for hearing and appointment of counsel is denied.

      On February 10, 2004, Defendant pled guilty to conspiracy to commit health care fraud and mail fraud in violation of 18 U.S.C. § 371. Defendant was sentenced to 30 months imprisonment followed by 3 years supervised release, restitution in the amount of $865,645, and a $100,000 fine. Defendant is currently appealing his sentence to the Sixth Circuit Court of Appeals. On February 22, 2005, the Court issued the First Amended Writ of Execution

as requested by the Government in order to collect the fine and restitution order entered in this case. According to the Government, the United States Marshal Service executed the writ and seized the following property: 1) a wooden box, with display pillow containing an emblem; 2) a watch; 3) a man's ring; and 4) a framed limited edition lithograph.

On June 28, 2005, Defendant's appointed appellate counsel filed a motion on Defendant's behalf requesting a hearing on the post-judgment execution of the writ. Counsel also requested that the hearing take place in the Federal judicial district in which Defendant currently resides. Defendant is currently incarcerated in Bradford, Pennsylvania. On July 7, 2005, Defendant filed a letter requesting the appointment of counsel. The Government has filed a response in which they contend that Defendant has not shown that any of the property seized is exempt from seizure. Consequently, they argue that Defendant's request for a hearing be denied. The Government did not address Defendant's request for the appointment of counsel.

Defendant was provided with a notice from the Clerk of the Court regarding post-judgment execution. The notice stated that there were exemptions which could protect Defendant's property from seizure by the Government, "if David Szilvagyi can show that the exemptions apply." Although Defendant has requested a hearing on the post-judgment execution, he has not made any attempt to show that the property seized is exempt.

18 U.S.C. § 3613 permits the United States government to enforce a judgment imposing a fine, in accordance with the civil practices and procedures under Federal or State

law, against all property of the person fined.  Section 3613(1), however, exempts from seizure property that is exempt from levy for taxes under certain provisions of 26 U.S.C. § 6334.  *See* 18 U.S.C. § 3613(1).  Based upon the Government's representation, it appears that the U.S. Marshal Service did not seize any property that is exempt from levy under 26 U.S.C. § 6334.  The exempt personal property listed in § 6334 can be characterized as "necessary items" including clothing, fuel, furniture, personal effects, school books and tools of a trade or business.  *See* 26 U.S.C. § 6334(1)-(3).  The property seized in this case does not fall within these exemptions.  Jewelry, artwork, a box, and decorative pillow are not necessary items of the category exempted under § 6334.  Accordingly, because Defendant has failed to show that his property comes within the applicable exemptions, his objection to the seizure is denied.  Consequently, a hearing is not necessary to resolve this matter.

Moreover, because this stage of the proceeding is civil in nature, *see* 18 U.S.C. § 3613; *United States v. Coluccio* 19 F.3d 1115, 1116-17 (6th Cir. 1994) (noting that a writ of execution to recover a debt assessed in a criminal proceeding is a civil procedure), Defendant does not have a constitutional right to counsel.  *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).  Because the property seized pursuant to the writ of execution is not exempt, there is no reason to appoint counsel in this case.  *See Knop v. Johnson*, 977 F.2d 996, 1007 (holding that appointment of counsel for an indigent prisoner litigant is not appropriate when

the "claims are frivolous . . . or the chances of success are extremely slim.") (quoting *Childs,* 822 F.2d at 1384). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a hearing (Docket #171) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's request for appointment of counsel (Docket #174) is **DENIED**.

Date:     August 23, 2005            /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE